UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 14-681 |
| | : | |
| v. | : | 18 U.S.C. §§ 1951(a) and 981(a)(1)(C) |
| | : | and 28 U.S.C. § 2461. |
| ANTHONY EBONEY DAVIS | : | |
| | : | I N F O R M A T I O N |
| | : | |

The defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges:

1.  At all times relevant to this Information:

    a.  Defendant ANTHONY DAVIS ("defendant DAVIS") was a member of the City of Paterson, New Jersey City Council, representing the City's First Ward and also served as the President of the City Council. As a City Council member and Council President, defendant DAVIS was in a position to influence actions taken on behalf of the City of Paterson.

    b.  There was a confidential source ("CS") who held himself out as an out-of-state real estate developer who owned his own company ("CS's company") and was seeking local government approvals to acquire and/or develop property in the City of Paterson and elsewhere within New Jersey.

2. From in or about April 2012 to in or about July 2012, in Passaic County, in the District of New Jersey and elsewhere, defendant

ANTHONY EBONEY DAVIS

did knowingly and willfully attempt to obstruct, delay and affect interstate commerce by extortion under color of official right by obtaining and seeking to obtain corrupt cash payments from another in exchange for defendant DAVIS's official assistance, action and influence in Paterson government matters as specific opportunities arose.

3. It was a part of this extortionate activity that:

a. On or about April 20, 2012, in Wayne, New Jersey, defendant DAVIS agreed to accept and accepted a $5,000 cash payment from CS in exchange for defendant DAVIS's official action as Paterson City Council President to foster CS's business interests in Paterson.

b. Between on or about July 6, 2012 and on or about July 25, 2012, CS and defendant DAVIS had meetings, during which they discussed the possibility of defendant DAVIS accepting money from CS in exchange for a letter from defendant DAVIS to CS's lender, indicating that the Paterson City Council supported CS's company in certain business endeavors relating to the City of Paterson.

  c. On or about July 25, 2012, inside of CS's car in Paterson, defendant DAVIS agreed to accept and accepted a $5,000 cash payment from CS in exchange for a letter from defendant DAVIS, indicating that defendant DAVIS and the Paterson City Council supported CS's company with respect to certain business endeavors relating to the City of Paterson.

  In violation of Title 18, United States Code, Section 1951(a).

## FORFEITURE ALLEGATION

As the result of committing a violation of 18 U.S.C. § 1951, as alleged in the Information, defendant ANTHONY DAVIS, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constituted or was derived from proceeds traceable to the commission of the offense, including but not limited to a sum of money totaling $10,000, in that such sum constituted or was derived, directly or indirectly, from proceeds traceable to a violation of 18 U.S.C. § 1951.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of ANTHONY DAVIS up to the value of the above forfeitable property, all pursuant to Title 18, United States Code, Section 981 and 28 United States Code, Section 2461.

*Paul J. Fishman/rah*
PAUL J. FISHMAN
United States Attorney