

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

_____

*Vikas Khanna*
*Assistant United States Attorney*

*970 Broad Street*
*Newark, NJ 07102*

VK/PL AGR
USAO 2008R1207

July 21, 2014

$Cr.$ $14-681$

Randy P. Davenport, Esq.
242 Old New Brunswick Road
Suite 360
Piscataway, NJ 08854

Re: Plea Agreement with ANTHONY DAVIS

Dear Mr. Davenport:

This letter sets forth the plea agreement between your client, ANTHONY DAVIS, and the United States Attorney for the District of New Jersey ("this Office").

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from ANTHONY DAVIS to an Information, which charges him with knowingly and willfully attempting to obstruct, delay and affect interstate commerce by extortion under color of official right by obtaining corrupt cash payments from an individual in the amount of $10,000 in exchange for the official assistance, action and influence of ANTHONY DAVIS in the City of Paterson government matters, in violation of Title 18, United States Code, Section 1951(a). If ANTHONY DAVIS enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against ANTHONY DAVIS for agreeing to accept and accepting cash payments from an individual totaling $10,000 from in or about April 2012 to in or about August 2012, in exchange for ANTHONY DAVIS's official assistance, action and influence in City of Paterson government matters, as set forth

1

in the Information.

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, ANTHONY DAVIS agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by ANTHONY DAVIS may be commenced against him, notwithstanding the expiration of the limitations period after ANTHONY DAVIS signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1951(a) to which ANTHONY DAVIS agrees to plead guilty carries a statutory maximum prison sentence of 20 years, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentence to be imposed upon ANTHONY DAVIS is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence ANTHONY DAVIS ultimately will receive.

Further, in addition to imposing any other penalty on ANTHONY DAVIS, the sentencing judge: (1) will order ANTHONY DAVIS to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order ANTHONY DAVIS to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) may order ANTHONY DAVIS, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; and (4) must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

2

Pursuant to 18 U.S.C. § 3583 the Court may require ANTHONY DAVIS to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should ANTHONY DAVIS be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, ANTHONY DAVIS may be sentenced to not more than 2 years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on ANTHONY DAVIS by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of ANTHONY DAVIS's activities and relevant conduct with respect to this case.

## Stipulations

This Office and ANTHONY DAVIS agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or ANTHONY DAVIS from any other portion of this agreement, including any other

stipulation.    If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so.    These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and ANTHONY DAVIS waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

ANTHONY DAVIS agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, he will consent to the entry of a forfeiture money judgment in the amount of $10,000 (the "Forfeiture Money Judgment").    It is agreed that the above-referenced property constitutes proceeds or is derived from proceeds traceable to the commission of the offense charged in the Information and therefore are subject to forfeiture.

ANTHONY DAVIS agrees to consent to the entry of orders of forfeiture for the Forfeiture Money Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.    ANTHONY DAVIS understands that the forfeiture of the Forfeiture Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

ANTHONY DAVIS hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

ANTHONY DAVIS represents that he has disclosed all of his assets to the United States on the attached Financial Disclosure Statement.    ANTHONY DAVIS agrees that if this Office determines that he has intentionally failed to disclose assets on that Financial Disclosure Statement, that failure constitutes a material breach of

4

this agreement. In addition, ANTHONY DAVIS consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that ANTHONY DAVIS owns or in which ANTHONY DAVIS has an interest be discovered, ANTHONY DAVIS knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. ANTHONY DAVIS further agrees to execute any documents necessary to effectuate the forfeiture of said assets.

## Immigration Consequences

ANTHONY DAVIS understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. ANTHONY DAVIS understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. ANTHONY DAVIS wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. ANTHONY DAVIS understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, ANTHONY DAVIS waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against ANTHONY DAVIS. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against ANTHONY DAVIS.

No Other Promises

This agreement constitutes the plea agreement between ANTHONY DAVIS and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Vikas Khanna
Assistant U.S. Attorney

APPROVED:

James Nobile
Chief, Special Prosecutions Division

   I have received this letter from my attorney, Randy P. Davenport, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: /7-August-14
ANTHONY DAVIS

   I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 8/17/14
RANDY P. DAVENPORT, Esq.

Plea Agreement With ANTHONY DAVIS

Schedule A

1.    This Office and ANTHONY DAVIS recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and ANTHONY DAVIS nevertheless agree to the stipulations set forth herein.    This Office and ANTHONY DAVIS further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level, except as provided below.

2.    The version of the United States Sentencing Guidelines effective November 1, 2013 applies in this case.

3.    The applicable guideline for ANTHONY DAVIS's offense is U.S.S.G. § 2C1.1.    This guideline carries a Base Offense Level of 14.   See U.S.S.G. § 2C1.1(a)(1).

4.    Specific Offense Characteristic U.S.S.G. § 2C1.1(b)(2) applies, because the value of the payments in this case exceeded $5,000; specifically, the value of the payments was greater than $5,000 but less than or equal to $10,000.    This results in an increase of 2 levels.   See U.S.S.G. § 2B1.1(b)(1)(B).

5.    Specific Offense Characteristic U.S.S.G. § 2C1.1(b)(3) applies, because the offense involved an elected public official.    This results in an increase of 4 levels.

6.    As of the date of this letter, ANTHONY DAVIS has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged.    Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if ANTHONY DAVIS's acceptance of responsibility continues through the date of sentencing.   See U.S.S.G. § 3E1.1(a).

7.    As of the date of this letter, ANTHONY DAVIS has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently.    At sentencing, this Office will move for a further 1-point reduction in ANTHONY DAVIS's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met:

(a) ANTHONY DAVIS enters a plea pursuant to this agreement, (b) this Office in its discretion determines that ANTHONY DAVIS's acceptance of responsibility has continued through the date of sentencing and ANTHONY DAVIS therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) ANTHONY DAVIS's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

        8.    In accordance with the above, the parties agree that the total Guidelines offense level applicable to ANTHONY DAVIS is 17 (the "agreed total Guidelines offense level").

        9.    Pursuant to Title 18, United States Code, Section 3553(a), ANTHONY DAVIS reserves the right to move for a variance. This Office reserves the right to oppose such a motion.  The parties agree not to seek or argue for any upward or downward departure or adjustment not set forth herein.

        10.    ANTHONY DAVIS knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 17.  This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 17.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  No provision of this agreement, however, shall preclude ANTHONY DAVIS from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that ANTHONY DAVIS received ineffective assistance of counsel.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

        11.    Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral

attack, writ or motion not barred by the preceding paragraph.